IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFYMETRIX, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ILLUMINA, INC., a Delaware corporation,<br><br>　　　　　Defendant. | C.A. No. 07-670 (JJF) |

### PLAINTIFF AFFYMETRIX, INC.'S REPLY TO DEFENDANT ILLUMINA, INC.'S COUNTERCLAIMS

Plaintiff Affymetrix, Inc. ("Affymetrix"), through its undersigned counsel, for its Reply to Defendant Illumina, Inc.'s ("Illumina") Counterclaims, states as follows:

### First Counterclaim (Declaratory Judgment Regarding the '723 Patent)

55.　Illumina realleges and incorporates by reference the allegations contained in Paragraphs 1-54 of its Answer.

**ANSWER**: Affymetrix denies the allegations of paragraphs 1-54 of Illumina's Answer.

56.　An actual controversy exists between Illumina and Affymetrix as to whether the '723 patent is invalid and not infringed by Illumina.

**ANSWER**: Affymetrix admits that an actual controversy exists between Illumina and Affymetrix as to whether the '723 patent is invalid and not infringed by Illumina, but denies that the '723 patent is invalid and not infringed by Illumina.

57.　A judicial declaration is necessary and appropriate so that Illumina may ascertain its rights as to whether it infringes the '723 patent, and whether the '723 patent is invalid.

**ANSWER**: Affymetrix admits that a judicial declaration is appropriate as to whether Illumina infringes the '723 patent and whether the '723 patent is invalid. Affymetrix denies the remaining allegations of paragraph 57.

58. Illumina does not infringe, and has never infringed, any valid or enforceable claim of the '723 patent either directly, contributorily, or by inducement.

**ANSWER**: Affymetrix denies the allegations of paragraph 58.

59. The '723 patent is invalid for failure to comply with at least one or more of 35 U.S.C. §§ 102, 103 and 112.

**ANSWER**: Affymetrix denies the allegations of paragraph 59.

**Second Counterclaim (Declaratory Judgment Regarding the '320 Patent)**

60. Illumina realleges and incorporates by reference the allegations contained in Paragraphs 1-54 of its Answer.

**ANSWER**: Affymetrix denies the allegations of paragraphs 1-54 of Illumina's Answer.

61. An actual controversy exists between Illumina and Affymetrix as to whether the '320 patent is invalid and not infringed by Illumina.

**ANSWER**: Affymetrix admits that an actual controversy exists between Illumina and Affymetrix as to whether the '320 patent is invalid and not infringed by Illumina, but denies that the '320 patent is invalid and not infringed by Illumina.

62. A judicial declaration is necessary and appropriate so that Illumina may ascertain its rights as to whether it infringes the '320 patent, and whether the '320 patent is invalid.

**ANSWER**: Affymetrix admits that a judicial declaration is appropriate as to whether Illumina infringes the '320 patent and whether the '320 patent is invalid. Affymetrix denies the remaining allegations of paragraph 62.

63. Illumina does not infringe, and has never infringed, any valid or enforceable claim of the '320 patent either directly, contributorily, or by inducement.

**ANSWER**: Affymetrix denies the allegations of paragraph 63.

64. The '320 patent is invalid for failure to comply with at least one or more of 35 U.S.C. §§ 102, 103 and 112.

**ANSWER**: Affymetrix denies the allegations of paragraph 64.

### Third Counterclaim (Declaratory Judgment Regarding the '169 Patent)

65. Illumina realleges and incorporates by reference the allegations contained in Paragraphs 1-54 of its Answer.

**ANSWER**: Affymetrix denies the allegations of paragraphs 1-54 of Illumina's Answer.

66. An actual controversy exists between Illumina and Affymetrix as to whether the '169 patent is invalid and not infringed by Illumina.

**ANSWER**: Affymetrix admits that an actual controversy exists between Illumina and Affymetrix as to whether the '169 patent is invalid and not infringed by Illumina, but denies that the '169 patent is invalid and not infringed by Illumina.

67. A judicial declaration is necessary and appropriate so that Illumina may ascertain its rights as to whether it infringes the '169 patent, and whether the '169 patent is invalid.

**ANSWER**: Affymetrix admits that a judicial declaration is appropriate as to whether Illumina infringes the '169 patent and whether the '169 patent is invalid. Affymetrix denies the remaining allegations of paragraph 67.

68. Illumina does not infringe, and has never infringed, any valid or enforceable claim of the '169 patent either directly, contributorily, or by inducement.

**ANSWER**: Affymetrix denies the allegations of paragraph 68.

69. The '169 patent is invalid for failure to comply with at least one or more of 35 U.S.C. §§ 102, 103 and 112.

**ANSWER**: Affymetrix denies the allegations of paragraph 69.

**Fourth Counterclaim (Declaratory Judgment Regarding the '424 Patent)**

70. Illumina realleges and incorporates by reference the allegations contained in Paragraphs 1-54 of its Answer.

**ANSWER**: Affymetrix denies the allegations of paragraphs 1-54 of Illumina's Answer.

71. An actual controversy exists between Illumina and Affymetrix as to whether the '424 patent is invalid and not infringed by Illumina.

**ANSWER**: Affymetrix admits that an actual controversy exists between Illumina and Affymetrix as to whether the '424 patent is invalid and not infringed by Illumina, but denies that the '424 patent is invalid and not infringed by Illumina.

72. A judicial declaration is necessary and appropriate so that Illumina may ascertain its rights as to whether it infringes the '424 patent, and whether the '424 patent is invalid.

**ANSWER**: Affymetrix admits that a judicial declaration is appropriate as to whether Illumina infringes the '424 patent and whether the '424 patent is invalid. Affymetrix denies the remaining allegations of paragraph 72.

73. Illumina does not infringe, and has never infringed, any valid or enforceable claim of the '424 patent either directly, contributorily, or by inducement.

**ANSWER**: Affymetrix denies the allegations of paragraph 73.

74. The '424 patent is invalid for failure to comply with at least one or more of 35 U.S.C. §§ 102, 103 and 112.

**ANSWER**: Affymetrix denies the allegations of paragraph 74.

**Fifth Counterclaim (Declaratory Judgment Regarding the '666 Patent)**

75. Illumina realleges and incorporates by reference the allegations contained in Paragraphs 1-54 of its Answer.

**ANSWER**: Affymetrix denies the allegations of paragraphs 1-54 of Illumina's Answer.

76. An actual controversy exists between Illumina and Affymetrix as to whether the '666 patent is invalid and not infringed by Illumina.

**ANSWER**: Affymetrix admits that an actual controversy exists between Illumina and Affymetrix as to whether the '666 patent is invalid and not infringed by Illumina, but denies that the '666 patent is invalid and not infringed by Illumina.

77. A judicial declaration is necessary and appropriate so that Illumina may ascertain its rights as to whether it infringes the '666 patent, and whether the '666 patent is invalid.

>     **ANSWER**: Affymetrix admits that a judicial declaration is appropriate as to whether Illumina infringes the '666 patent and whether the '666 patent is invalid. Affymetrix denies the remaining allegations of paragraph 77.

> 78.    Illumina does not infringe, and has never infringed, any valid or enforceable claim of the '666 patent either directly, contributorily, or by inducement.

>     **ANSWER**: Affymetrix denies the allegations of paragraph 78.

> 79.    The '666 patent is invalid for failure to comply with at least one or more of 35 U.S.C. §§ 102, 103 and 112.

>     **ANSWER**: Affymetrix denies the allegations of paragraph 79.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff, Affymetrix, Inc.*

*Of Counsel*:

Michael J. Malecek
Daniel R. Reed
Peter E. Root
Stephen C. Holmes
AFFYMETRIX, INC.
6550 Vallejo Street
Suite 100
Emeryville, CA 94608
(510) 428-8500

January 7, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>  Richard K. Herrmann, Esquire
>  MORRIS JAMES LLP

I further certify that I caused to be served copies of the foregoing document on January 7, 2008 upon the following in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue<br>Suite 1500<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |
| Ronald Wawrzyn, Esquire<br>FOLEY & LARDNER LLP<br>777 E. Wisconsin Avenue<br>Milwaukee, WI 53202 | *VIA ELECTRONIC MAIL* |
| Naikang Tsao, Esquire<br>FOLEY & LARDNER LLP<br>150 East Gilman Street<br>Madison, WI 53703 | *VIA ELECTRONIC MAIL* |
| Liane Peterson, Esquire<br>FOLEY & LARDNER LLP<br>3000 K. Street<br>Washington, DC 20007 | *VIA ELECTRONIC MAIL* |

/s/ Maryellen Noreika
Maryellen Noreika (#3208)